UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

AMENDED

CIVIL MINUTES -- GENERAL

Case No.  **CV 13-02758-MWF (VBKx)**                     Date: **July 24, 2013**

Title:     Deysi Perez -v- Wells Fargo Bank N.A., et al.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                          None Present

PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [10]

   This matter is before the Court on Plaintiff Deysi Perez's Motion to Remand Action to State Court ("Motion"). (Docket No. 10). Having considered the parties' submissions and arguments at the hearing held on July 1, 2013, the Court GRANTS the Motion.

   As a preliminary matter, the Court GRANTS Plaintiff's Request for Judicial Notice (Docket No. 10-9) and OVERRULES Defendant's Objections to Plaintiff's Evidence Filed in Support of Motion to Remand. (Docket No. 13-1). The Motion would be granted even if the Court had denied the request and sustained the objections, so the Court could just as easily have denied the request and objections as moot.

   On March 7, 2013, Perez filed a Complaint in California Superior Court, initiating this action. (*See* Docket No. 1). On April 19, 2013, Wells Fargo removed this action to this Court. (Docket No. 1). Wells Fargo asserts federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. On May 19, 2013, Perez filed this Motion, arguing that Wells Fargo improperly removed the action. (Docket No. 10).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

AMENDED

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-02758-MWF (VBKx)**                     Date:  **July 24, 2013**

Title:     Deysi Perez -*v*- Wells Fargo Bank N.A., et al.

    Wells Fargo is a national banking association, and its main office (according to its articles of association) is located in South Dakota.  Consequently, Wells Fargo argues that for purposes of diversity under Section 1332 it is a citizen of South Dakota – and *only* South Dakota.  Wells Fargo argues that the state of its principal place of business is irrelevant under 28 U.S.C. § 1348.  *See id.* ("All national banking associations shall . . . be deemed citizens of the States in which they are respectively located.").

    "However, [Section 1348] does not define where national banks are 'located' for purposes of jurisdiction, nor is such a definition obvious."  *Martinez v. Wells Fargo Bank*, -- F. Supp. 2d --, No. CV12-6006 EMC, 2013 WL 2237879, at *2 (N.D. Cal. May 21, 2013).  Wells Fargo is correct that the United States Supreme Court has "rejected an interpretation of § 1348 that national banks are citizens of every state in which they have a branch and instead determined 'that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.'"  *Id.* at *3 (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006)).  But the Supreme Court "did not reach the question of whether a national bank may also be a citizen of the state in which its principal place of business is located, specifically leaving that question unresolved."  *Id.* (citing *Schmidt*, 546 U.S. 303, 317 n.9).

    In sum, "*Schmidt* left open the door to either of two interpretations, that a national bank is a citizen of:  (1) only its state of association (the state in which its main office is listed in its articles of association); or (2) both its state of association and the state in which its principal place of business is located."  *Id.* (citation omitted); *see also Am. Surety Co. v. Bank of Cal.*, 133 F.2d 160, 162 (9th Cir. 1943) ("[T]he States in which they (national banking associations) are respectively located are those states in which their principal places of business are maintained." (internal quotation marks omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

AMENDED

CIVIL MINUTES -- GENERAL

Case No.  **CV 13-02758-MWF (VBKx)**          Date:  **July 24, 2013**

Title:     Deysi Perez -v- Wells Fargo Bank N.A., et al.

---

District courts, including those in the Ninth Circuit, are divided on this issue. In *Martinez*, for example, the district court "conclude[d] *American Surety* remains binding precedent and join[ed] the ranks of an increasing number of courts within the Ninth Circuit so holding." 2013 WL 2237879, at *6 (citing cases). As a result, the district court found that Wells Fargo was a citizen of California and remanded the case for lack of jurisdiction. *Id.* at *13.

The Court finds the reasoning in *Martinez* and similar decisions emerging from this District to be persuasive:

> *Schmidt* makes three things clear: (1) when interpreting the word "located" in 28 U.S.C. § 1348, courts should not look to whatever denotative meaning Congress may have had in mind in 1948 or even 1887, but rather should apply the word in terms of Congress' purpose; (2) Congress intended to achieve jurisdictional parity between national banks and state-chartered banks; and (3) complete parity between national and state-chartered banks requires that national banks be deemed citizens of both their main office and their principal place of business. Given these precepts, the outcome here is not difficult.

*Rouse v. Wachovia Mortg., FSB*, 2012 WL 174206, at *13 (C.D. Cal. Jan. 13, 2012). This reading is consistent with the language of Section 1348 and *Schmidt*. This reading also puts national banks on an equal jurisdictional footing with corporations, which are likewise deemed citizens of the state of their principal places of business.

The Court rules that a national banking association is a citizen of the state in which its main office is located (as designated by its articles of association) **and** the state of its principal place of business. It appears from the judicially noticed documents that Wells Fargo's principal place of business is California, thereby destroying complete diversity in light of Perez's California citizenship.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## AMENDED

## CIVIL MINUTES -- GENERAL

Case No.  **CV 13-02758-MWF (VBKx)**                    Date:  **July 24, 2013**

Title:      Deysi Perez -v- Wells Fargo Bank N.A., et al.

---

    At the hearing, counsel for Defendant admitted that Wells Fargo did not allege its principal place(s) of business, and in its view the evidence in the record failed to establish San Francisco as the principal place of business.  Rather, Wells Fargo chose tactically to leave its principal place of business (following acquisitions of other banks) ambiguous.  Wells Fargo relied specifically on its interpretation of Section 1348 and its contention that its principal place of business is not relevant to the Court's jurisdiction.  Therefore, even if Wells Fargo's principal place of business is perhaps not in San Francisco, remand is proper because Wells Fargo has failed to meet its burden of proving complete diversity of citizenship.  There is therefore no diversity jurisdiction.  No alternate basis for federal jurisdiction exists.

    Accordingly, the Motion is GRANTED.  The Court REMANDS this action to the Superior Court of the State of California for the **County of Los Angeles**.

    The Court ORDERS the Clerk to treat this order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

    IT IS SO ORDERED.

---